UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JERRY LEE DONOVAN,

        Petitioner,        3:15-cv-00504-TC

        v.        FINDINGS AND RECOMMENDATION

MARION FEATHER,

        Respondent.

COFFIN, Magistrate Judge.

    Petitioner, a federal inmate serving a 110 month sentence at FCI Sheridan, filed a petition under 28 U.S.C. § 2241 challenging his sentence computation. Specifically, petitioner alleges that the Federal Bureau of Prisons (BOP) failed to afford him sentencing credit for time served in state custody from February 13, 2008 until December 29 2008. Petitioner alleges that he is entitled to this credit under 18 U.S.C

1 - FINDINGS AND RECOMMENDATION

§3621(b), which allows the BOP to designate a state correctional facility as the place to serve a federal sentence. Petition (#1), p. 3.

Respondent contends that the petition should be denied because petitioner does not qualify for *nunc pro tunc* designation, and his time served in state custody was already credited toward the service of his state sentence. Answer (#9), p. 2.

A detailed Timeline of Sentencing Computation Events is set forth in Respondent's Answer (#9) at p. 3-4. In summary, the Summary reflects that while being held in Alaska state custody on state drug charges, petitioner was on multiple occasions transferred to federal custody for criminal proceedings pursuant to a federal writ *ad prosequendum*.

On December 29, 2008, petitioner was sentenced on federal drug and gun charges to a 110 month term of imprisonment. The federal judgment was silent as to whether the sentence was to run consecutively or concurrently to any other sentence.

On May 1, 2009, the State of Alaska imposed an 18 month term of imprisonment for parole revocation and ordered 9 months to run concurrent and 9 months to run consecutive to petitioner's yet-to-be served federal sentence. The May 1, 2009, sentence equated to time served.

On June 10, 2009, state officials transported petitioner

2 - FINDINGS AND RECOMMENDATION

into exclusive federal custody, and his federal sentence commenced on that date. The BOP credited Petitioner's federal sentence for time spent in custody From December 8, 2004 - December 20, 2004; and from April 7 - June 10, 2009.

Petitioner now seeks additional sentencing credit for the time he spent in primary state custody between February 13, 2008 (the date he was first borrowed *via* writ *ad pros* for federal criminal proceedings) through December 29, 2008 (the date of his federal sentence).

A federal sentence begins on the date a defendant is "received into custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official facility at which the sentence is to be served." 18 U.S.C. 3585(a). An inmate is entitled to sentence credit for the time spent in custody between the date of the offense and the date the sentence begins "as a result of the offense for which the sentence is imposed" or for any time spent in federal custody after the commission of the offense "*that has not been credited against another sentence.*" *Id.* at § 3585 (b).

Petitioner's request for sentencing credit was considered by the BOP as a request toa a "nunc pro tunc" designation of the state institution as the location for service of his federal sentence pursuant to Barden v. Keohane, 921 F.2d 476, 478 (3rd Cir. 1990). Bordreaux Declaration (#10) at 5, Att.

3 - FINDINGS AND RECOMMENDATION

13.[1]

When a federal inmate has spent time serving a state sentence on a separate offense after federal sentencing, the BOP has discretion to retroactively designate the state institution as the location for service of the federal sentence, effectively granting federal sentencing credit for the time spent in state custody. *Barden*, 921 F.2d at 478. Such designation is not mandatory, but the BOP must at least consider whether it is appropriate if requested by the inmate. In making the determination, the BOP examines the policy considerations set forth in 18 U.S.C. § 3621(b). As long as the BOP makes its determination based on these factors, the determination must be upheld. *Barden*, 921 F.2d at 478.

In petitioner's case the applicable factors were: (1) the nature and circumstances of the offense; (2) the history and characteristics of the prisoner; and (3) any statement by the court that imposed the sentence as to its purpose or type of facility in which it is to be served. Bordreaux Declaration (#10) at 15, Att. 11. (citing 18 U.S.C. §3621(b); *see also* BOP Program Statement 5160.05).

In this case, the record reflects that the BOP denied petitioner's request for *nunc pro tunc* designation based on

---

[1] A *nunc pro tunc* designation is a mechanism whereby the BOP may commence a sentence as early as the date of imposition, even though the inmate was not in federal custody.

4 - FINDINGS AND RECOMMENDATION

the nature of his offenses, his extensive criminal history, and the federal sentencing court's silence as to whether the sentence was to be concurrent or consecutive to petitioner's state sentence. Bordreaux Declaration (#10) at 5-6, Att 13-14.

Thus, the BOP properly acted within its discretion in evaluating the relevant factors and denying petitioner's request and the BOP's determination in this regard shoulod be upheld.

Petitioner also argues that he is entitled to sentencing credit pursuant to Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993), and Willis v. United States, 438 F.2d 923 (5h Cir. 1971). Under *Kayfez* and *Willis*, a petitioner sentenced concurrently to state and federal sentences may be entitled to "double count" time spent in state custody towards both sentences when the absence of the credit would leave the petitioner in completion of one concurrent sentence but still incarcerated on the other, thus receiving no tangible benefit from the credit.

To qualify for the *Kayfez/Willis* credit, the inmate "must be serving a *concurrent* federal sentence and the inmate must not actually benefit from a credit to his state sentence. Gravel v. Fox, 2014 WL 4676497, at *8 (E.D. Cal. 2014). *Kayfez/Willis* credits do not apply to *consecutively* sentenced inmates who receive sentencing credits on their state

5 - FINDINGS AND RECOMMENDATION

sentences because the inmate attains the benefit of a shorter overall term of incarceration.

In this case, petitioner is not eligible for *Kayfez/Willis* credits because his federal sentence is not concurrent to his state sentence, and because he received a benefit from applying his prior custody credit to his state sentence.[2]

Because the state's concurrency order was not binding, and petitioner's federal sentence did not specify whether it was to be concurrent or consecutive to his forthcoming state sentence, the sentence is deemed consecutive. See, 18 U.S.C. § 3584(a).

Based on all of the foregoing, petitioner's Petition (#1) should be denied. Petitioner's Motion to Expedite (#12) should be denied as moot. The Clerk of the Court should be directed to enter a judgment dismissing this proceeding.

This recommendation is not an order that is immediately

---

[2]Although the state sentenced petitioner to 18-months incarceration, of which 9 months was to be served concurrent to the unserved federal sentence, a state cannot order that an inmate serve a federal term of incarceration at a state facility or transform an unserved fedderal sentence into a sentence concurrent with forthcoming state incarceration. Taylor v. Sawyer, 284 F.3d 1143, 1150 (9th Cir. 2002). (holding that such a state intrusion onto a federal sentence is not binding on the BOP's sentence calculation and that "concurrent sentences imposed by state sentencing judges are nothing more than recommendations to federal officials. Those officials remain free to turn those concurrent sentences into consecutive sentences .... " *Id.*

6 - FINDINGS AND RECOMMENDATION

appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

### Certificate of Appealability

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

DATED this 20th day of May, 2016.

Thomas M. Coffin
United States Magistrate Judge